IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE LEE JAMES CASPER,

                    Plaintiff,

        v.

UNNAMED,

                    Defendant.

ORDER

18-cv-34-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE LEE JAMES CASPER,

                    Plaintiff,

        v.

C.O. THOM-HOUGH,

                    Defendant.

ORDER

18-cv-885-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE LEE JAMES CASPER,

                    Plaintiff,

        v.

C.O. HUBNA and SGT. BENGER,

                    Defendants.

ORDER

18-cv-910-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lance Lee James Casper filed three lawsuits in this court in 2018. In case number 18-cv-34-bbc, he alleged that he was receiving inadequate pain treatment for his shoulder. Plaintiff voluntarily dismissed that case on January 26, 2018.

In case number 18-cv-885-bbc, plaintiff alleged that defendant Thom-Hough, a correctional officer at the Columbia Correctional Institution violated plaintiff's constitutional

rights by giving him the wrong medication. On January 15, 2019, I dismissed the case after concluding that plaintiff's allegations did not support a constitutional claim against the defendant.

In case number 18-cv-910-bbc, plaintiff alleged that two correctional officers refused to give him a meal tray after his cellmate behaved inappropriately. I also dismissed that case on January 15, 2019, because plaintiff's allegations did not support a constitutional claim against the defendants.

Now plaintiff has filed two letters with the court, asking that the court (1) permit him to amend his complaints; (2) recruit counsel to assist him; and (3) consolidate his filing fees. Dkt. #11 in 18-cv-34-bbc; Dkt. ##12 and 13 in 18-cv-885-bbc; Dkt. #9 in 18-cv-910-bbc. I will deny plaintiff's requests.

If plaintiff wants to amend his complaint in any of his closed cases, he must file a motion to reopen the case along with a proposed amended complaint. I will consider reopening a closed case only if plaintiff's proposed amended complaint contains allegations sufficient to state a constitutional claim against a specific defendant.

As for his request that the court recruit counsel for him, I will not consider recruiting counsel for plaintiff at this time. In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). At this time, plaintiff is not litigating any case; he has no open cases and he has identified no viable constitutional claims. Therefore, there is no reason for me to recruit counsel for him.

Finally, I cannot consolidate or reduce plaintiff's filing fees. Under 28 U.S.C. § 1915(b),

a prisoner must may the full amount of the filing fee for each civil action he files. Because plaintiff voluntarily dismissed case number 18-cv-34-bbc before I screened his complaint, he does not owe a filing fee for that case. However, he must pay the full filing fees for cases 18-cv-885-bbc and 18-cv-910-bbc under the formula set forth in 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that plaintiff Lance Lee James Casper's motions to amend his complaints, for the assistance of counsel and for consolidation of his filing fees, dkt. #11 in 18-cv-34-bbc; dkt. ##12 and 13 in 18-cv-885-bbc; dkt. #9 in 18-cv-910-bbc, are DENIED.

Entered this 24th day of April, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge